### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

---

**ADIMU ALI,**

      **Plaintiff,**

**v.**                                             **Case 2:25-cv-03181-BCL-cgc**

**JUDGE JOE TOWNSEND,**
**in his official capacity,**
**REGINALD L. ESKRIDGE,**
**JANELLE R. ESKRIDGE,**
**CLIFTON BROWN,**
**SHIRLEY BROWN, and**
**SHELBY COUNTY, TENNESSEE,**

      **Defendants.**

---

### REPORT AND RECOMMENDATION ON
### 28 U.S.C. § 1915 SCREENING AND CERTIFICATE OF APPEALABILITY

---

Before the Court is Plaintiff Adimu Ali's Complaint for Deprivation of Civil Rights Under 42 U.S.C. § 1983 ("Complaint"). (D.E. #1). Pursuant to Administrative Order 2013-05, the instant case has been referred to the United States Magistrate Judge for management of all pretrial matters.

As Plaintiff is proceeding *in forma pauperis*, the Complaint must be screened pursuant to 28 United States Code Section 1915. For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be DISMISSED for failure to state a claim upon which relief may be granted.

## I.      Background

This case arises from Plaintiff's allegations that his due process rights under the Fourteenth Amendment[1] of the United States Constitution were violated through the process and outcome of child custody proceedings in Shelby County, Tennessee probate court.

On January 2, 2026, Plaintiff filed his Section 1983 complaint in this Court against the following defendants: Judge Joe Townsend ("Judge Townsend"), who presided over the custody determination and entered the court orders that Plaintiff contends are void; Clifton Brown and Shirley Ann Brown (collectively "the Brown Defendants"), the maternal grandparents of his children and to whom custody was awarded; Attorneys Reginald L. Eskridge and Janelle R. Eskridge (collectively "the Eskridge Defendants"), who Plaintiff alleges represented the Brown Defendants in the custody proceedings; and, Shelby County, Tennessee ("Shelby County"), which Plaintiff alleges maintains customs, policies, and practices that Plaintiff alleges allowed and enabled the constitutional violations.  (Compl ¶¶ 6-10, 13, 19, 46, 82-90).

Plaintiff further alleges that the Brown Defendants and the Eskridge Defendants acted under color of state law "by utilizing the judicial process to systemically deprive Plaintiff of his constitutional rights" and by "invoking the coercive power of the state court system to unlawfully deprive Plaintiff of custody." (*Id*. ¶¶ 8-9, 44-45).  Plaintiff alleges that Defendant Shelby County maintained the following customs, policies, and/or practices that led to his alleged deprivation of rights: (1) failure to require proof of service before entering orders; (2) failure to protect parental rights in guardianship proceedings; (3) pattern of granting guardianships without due process; (4)

---

[1]  In Plaintiff's Prayer for Relief, he additionally mentions that his rights under the First, Fourth, Fifth, and Ninth Amendments to the United States Constitution were violated; however, his Complaint does not otherwise mention these provisions.  (*Id*. ¶ 101).

inadequate oversight of probate proceedings; and, (5) failure to train judges and staff on constitutional requirements. (*Id*. ¶ 46).

As causes of action, Plaintiff alleges the following: (1) that all defendants deprived him of his Fourteenth Amendment parental rights in violation of Section 1983 (Count 1); (2) that all defendants violated his Fourteenth Amendment procedural due process rights pursuant to Section 1983 (Count 2); (3) that all defendants violated his Fourteenth Amendment substantive due process rights pursuant to Section 1983 (Count 3); (4) that all defendants conspired to deprive him of his civil rights pursuant to Section 1985(3) (Count 4); (5) that Judge Townsend failed to intervene to prevent violations of his constitutional rights in violation of Section 1983 (Count 5); and, (6) that Shelby County is liable under *Monell v. Dep't of Social Srvs.*, 436 U.S. 658 (1978) for maintaining customs, policies, and practices that led to the deprivation of his constitutional rights (Count 6).

On January 9, 2026, Plaintiff filed a first amended complaint adding Memphis Police Department, City of Memphis, Tennessee and John Doe MPD Officers 1-5 as defendants. (D.E. # 8) Plaintiff alleges that MPD and its officers acted under color of state law by (1) using police authority to prevent Plaintiff from exercising parental rights, (2) enforcing grandparents' preference over constitutional parental rights, (3) acting without legal authority or order and (4) enabling the subsequent fraudulent court proceedings. Plaintiff alleges that the City of Memphis maintains customs, policies and practices including (1) allowing MPD officers to interfere with parental custody disputes without court orders, (2) failing to train officers on constitutional requirements for parental rights, (3) policy of deferring to physical possession rather than legal rights, and (4) pattern of siding with grandparents over parents without legal basis. Plaintiff added unlawful seizure pursuant to Section 1983 against MPD Defendants and City of Memphis (Count 2) and municipal liability pursuant to Section 1983 against the City of Memphis (count 7).

3

On February 20, 2026 Plaintiff filed a second amended complaint.  (D.E. # 9)  This complaint does not seek to add any new defendants and does not add any new causes of action.

## II.    Section 1915 Screening

Pursuant to Section 1915, the Court shall dismiss the case at any time if the court determines that the allegation of poverty is untrue or that the action or appeal is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

To state a claim upon which relief may be granted, a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  Pleadings and documents filed by *pro se* litigants are to be "liberally construed," and a "pro se complaint, however inartfully pleaded, must be held to a less stringent standard than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, "the lenient treatment generally accorded to pro se litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).  The basic pleading essentials are not abrogated in *pro se* cases.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)  A *pro se* complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Barnett v. Luttrell*, 414 Fed. Appx. 784, 786 (6th Cir. 2011) (quoting *Ashcroft*, 556 U.S. at 678) (internal quotations and emphasis omitted).  District Courts "have no obligation to act as counsel or paralegal" to *pro se* litigants. *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  District Courts are also not "required to create"

4

a *pro se* litigant's claim for him.  *Payne v. Secretary of Treasury*, 73 Fed. Appx. 836, 837 (6th Cir. 2003).

Section 1983 is the statutory vehicle to redress the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States by someone acting under color of law.  42 U.S.C. § 1983.  To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law.  *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003).

### a.  *Section 1983 claims against Judge Townsend*

First, Plaintiff seeks to allege Section 1983 claims against a state probate court judge for his ruling relating to Plaintiff's children's custody.  It is "well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions."  *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (citations omitted).  Whether an action constitutes a judicial function depends upon the nature of the act itself, including whether it is a function normally performed by a judge and whether the parties dealt with the judge in his judicial capacity. *Huffer v. Bogen*, 503 Fed. Appx. 455, 459 (6th Cir. 2012).  Actions that are arguably erroneous or even egregious, excessive, or unjustified are no less "judicial functions" for purposes of Section 1983.

Here, while Plaintiff alleges that Judge Townsend's ruling in the custody matter was unlawful and should be deemed as void, these claims may not give rise to a Section 1983 claim against Judge Townsend in his role as a judicial officer because he maintains judicial immunity from suit.  Accordingly, it is RECOMMENDED that Plaintiff's Section 1983 claims against Judge Townsend be DISMISSED for failure to state a claim upon which relief may be granted.

### b. Section 1983 claims against Eskridge and Brown Defendants

Next, Plaintiff seeks to allege Section 1983 claims against two private attorneys and two private citizens. "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)).

Plaintiff contends that the Eskridge and Brown Defendants acted under color of state law as officers of the court and as private citizens who used the court system to allegedly deprive Plaintiff of his parental rights. The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: (1) the public function test, which requires that the private entity exercise powers which are traditionally reserved for the state; (2) the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and, (3) the nexus test, which requires a sufficiently close relationship, such as through state regulation or contract, between the state and the private actor so that the action may be attributed to the state. *Tahfs*, 316 F.3d at 591 (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

Upon review, private attorneys are not considered state actors for purposes of Section 1983 even when acting as officers of the court. *Polk County v. Dodson*, 545 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968). Likewise, Plaintiff has not pled any facts by which the Brown Defendants, who are private citizens, could be deemed as state actors merely by being involved in a court proceeding. Accordingly, it is RECOMMENDED that Plaintiff's Section 1983 claims against the Eskridge and Brown Defendants should be DISMISSED for failure to state claims upon which relief may be granted.

6

### c.   *Section 1983 claim against Shelby County*

Next, Plaintiff seeks to assert a Section 1983 claim against Shelby County.  However, while Plaintiff mentions Shelby County's policies, practices, and customs that he alleges deprived him of his constitutional rights, the Shelby County Probate Court is not an entity of the municipality of Shelby County but rather is a state court located in the county.  The Shelby County Probate Court applies Tennessee state law to its proceedings.  Shelby County as a municipality does not train, oversee, or otherwise have any role in the operations of this state court.  Accordingly, it is RECOMMENDED that Plaintiff's Section 1983 claims against Shelby County be DISMISSED for failure to state a claim upon which relief may be granted.

### d.   *Section 1983 claim against City of Memphis, Memphis Police Department and John Doe Police Officers 1-5*

In a similar manner, Plaintiff seeks to assert a Section 1983 claim against the City of Memphis the Memphis Police Department and John Doe Police Officers 1-5.  As to the Memphis Police Department, police departments are properly characterized as "sub-units of the municipalities they serve." *Sargent v. City of Toledo Police Dep't*, 150 F. App'x 470, 475 (6th Cir. 2005).  As such, police departments are not proper defendants in a Section 1983 action. *See Mathews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).  Accordingly, it is RECOMMENDED that Plaintiff's claims against the Memphis Police Department be dismissed for failure to state a claim.  Claims against a police department, however, can generally be construed as claims against the municipality of which it is a sub-unit.  Accordingly, Plaintiff's claims are properly construed as claims against the City of Memphis.

Plaintiff does not state with any specificity what policies, practices, or customs of the City of Memphis are responsible for the deprivation of his constitutional rights.  With regard to the

7

police officers, Plaintiff only states as a conclusion that Memphis police officers prevented him from taking custody of his children and that they acted without legal authority. While a court may view a *pro se* plaintiff's filings in a less stringent manner, a court is not required to make out plaintiff's case for him. Accordingly, it is RECOMMENDED that Plaintiff's Section 1983 claims against the City of Memphis and John Doe Police Officers 1-5 be DISMISSED for failure to state a claim upon which relief may be granted.

### e.   Section 1985(3) claims against All Defendants

Finally, Plaintiff alleges that all defendants engaged in a conspiracy pursuant to Section 1985(3) to deprive him of his constitutional rights. As to Judge Townsend, absolute judicial immunity applies to Section 1985 claims. *Spencer v. Griffith*, No. 2:25-cv-785, 2026 WL 323298, at *5 (S.D. Ohio Feb. 6, 2026) (citing cases). As to Shelby County, for the reasons already set forth above, Plaintiff's Complaint fails to state that the municipality's policies, practices, and customs had any role in the state court judicial ruling that he seeks to challenge.

As to the Brown and Eskridge Defendants, Section 1985 does provide for a cause of action for "purely private conspiracies" that deprive individuals of their civil rights. *Great Am. Federal Sav. & Loan v. Novotny*, 442 U.S. 366, 372 (1979). However, it is the order of the Shelby County Probate Court that deprives Plaintiff of custodial rights. Regardless of Plaintiff's assertions that the Brown and Eskridge Defendants attempted to mislead the Court in any way, the authority to make and enforce a custodial determination was not within their power, and thus they cannot be said to have deprived Plaintiff of custody of his children. Accordingly, the Court finds that Plaintiff's Section 1985(3) claims against all Defendants should be DISMISSED for failure to state claims upon which relief may be granted.

8

### III.   Certificate of Appealability

Upon the recommendation that Plaintiff's Complaint be dismissed pursuant to Section 1915, the Court must further consider whether it should be recommended that Plaintiff be allowed to appeal this decision *in forma pauperis*, should he seek to do so.  Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Rule 24(a).  *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir. 1999).  Rule 24(a)(3) provides that, if a party has been permitted to proceed *in forma pauperis* in the district court, he may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis."  If the district court denies the pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  An appeal is not taken in good faith if the issue presented is frivolous.  *Id.*  It would be inconsistent for the district court to conclude that the case does not warrant service on the defendants yet has sufficient merit to support an appeal in forma pauperis.  *See Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983).

## IV.    Conclusion

For the reasons set forth herein, it is RECOMMENDED that Plaintiff's Complaint be

DISMISSED for failure to state a claim upon which relief may be granted.

**SIGNED** this 20ᵗʰ day of April, 2026.

> s/ Charmiane G. Claxton
> CHARMIANE G. CLAXTON
> UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**