**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

Adimu Ali,

    Plaintiff,

    v.                                                    Case No. 2:25-cv-03181-BCL-cgc

Joe Townsend et al.,

    Defendants.

---

**ORDER DISMISSING COMPLAINT UNDER § 1915**

---

On December 30, 2025, Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis. Doc. 2. On January 2, 2026, Plaintiff, proceeding *pro se*, filed a Complaint against Defendants alleging deprivations of his civil rights under 42 U.S.C. § 1983 and a civil conspiracy to do the same under 42 U.S.C. § 1985. Doc. 1. Contemporaneously, Plaintiff filed a Motion for Temporary Restraining Order and Preliminary Injunction. Doc. 7. Plaintiff amended his complaint on January 9, 2026 (Doc. 8), then attempted to do so again on February 20, 2026 (Doc. 9).[1] On April 20, 2026, Magistrate Judge Charmiane G. Claxton[2] issued a Report and Recommendation that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted. Doc. 19. The next day, Plaintiff filed his objections to the Magistrate Judge's Report. Doc. 20. Plaintiff has also filed a number of other motions in this case, including:

---

[1] Plaintiff used his amendment as a matter of course on January 9, 2026 (Doc. 8). Any further amendment required leave of the Court. Fed. R. Civ. P. 15(a)(2).

[2] Pursuant to Administrative Order No. 2013-05, this case was referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

- MOTION FOR LEAVE TO SERVE THIRD-PARTY SUBPOENA UPON THE OFFICE OF FEDERAL EMPLOYEES' GROUP LIFE INSURANCE (OFEGLI) AND FOR EXPEDITED DISCOVERY. Doc. 10.
- MOTION TO COMPEL RULING ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND TO DIRECT SERVICE OF PROCESS BY U.S. MARSHAL. Doc. 15
- EMERGENCY MOTION TO COMPEL COMPLIANCE WITH FEDERAL SUBPOENA BY THIRD PARTY OFFICE OF FEDERAL EMPLOYEES' GROUP LIFE INSURANCE (OFEGLI) / METROPOLITAN LIFE INSURANCE COMPANY AND FOR ORDER TO SHOW CAUSE WHY OFEGLI SHOULD NOT BE HELD IN CONTEMPT OF COURT. Doc. 17.
- EMERGENCY MOTION TO COMPEL COMPLIANCE WITH FEDERAL SUBPOENA ISSUED TO OFFICE OF FEDERAL EMPLOYEES' GROUP LIFE INSURANCE (OFEGLI) AND METLIFE AND FOR SANCTIONS FOR NON-COMPLIANCE. Doc. 21.

For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** the Findings of Fact and Conclusions of Law from the Report and Recommendation (Doc. 19). Accordingly, Plaintiff's Complaint (Doc. 8) is **DISMISSED**, the Motion for Temporary Restraining Order (Doc. 7) is **DENIED**, and all other motions are **DENIED AS MOOT**.

## LEGAL STANDARD

A United States District Court Judge may designate a United States Magistrate Judge to conduct evidentiary hearings and submit proposed findings of fact and conclusions of law for disposition by the District Judge of certain motions. 28 U.S.C. § 636(b)(1)(B). The District Judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," and "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* Written objections to a magistrate judge's findings or conclusions must be specific. *See* Fed. R. Civ. P. 72(b)(2). "[A] general objection to a magistrate [judge]'s report, which fails to specify the issues

of contention, does not satisfy the requirement that an objection be filed." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner pro se plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B). Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "To avoid dismissal [under § 1915(e)(2)(B)(ii)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Small v. Brock*, 963 F.3d 539, 540–41 (6th Cir. 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation modified)).

Temporary restraining orders and preliminary injunctions are "extraordinary equitable remed[ies] that [are] never awarded as of right." *Starbucks Corp. v. McKinney*, 602 U.S. 339, 345–46 (2024) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). To obtain such relief, the movant must "make a clear showing that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Id.* at 346 (quoting *Winter*, 555 U.S. at 20). Thus, "'[t]he party seeking a [temporary restraining order or] preliminary injunction bears the burden of justifying such relief.'" *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 554 (6th Cir. 2021) (quoting *A.C.L.U. Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015)). "If the plaintiff fails to show a likelihood of success on the merits, the court may deny the injunction without any further consideration." *U.S. Sportsmen's All. Found. v. Ctrs. for Disease Control & Prevention*, 167 F.4th 813, 818 (6th Cir. 2026).

**BACKGROUND**

As stated in the Report, Plaintiff brings suit against Judge Joe Townsend, who presided over a custody determination and granted custody of Plaintiff's children to Clifton Brown and Shirley Ann Brown (collectively "the Brown Defendants"), their maternal grandparents. Doc. 19 at 2. Plaintiff also sues Attorneys Reginald L. Eskridge and Janelle R. Eskridge (collectively "the Eskridge Defendants"), who represented the Brown Defendants in the custody proceedings in Shelby County, Tennessee, which Plaintiff alleges maintains customs, policies, and practices that allowed and enabled constitutional violations against him. *Id.*

Plaintiff amended his Complaint to add as defendants the Memphis Police Department ("MPD"), the City of Memphis, Tennessee, and five unidentified John Doe MPD officers. *Id.* at 3; Doc. 8. Plaintiff's complaint now includes eight counts:

(1) All Defendants violated Section 1983 by depriving him of his Fourteenth Amendment parental rights;

(2) MPD Defendants and Defendant City of Memphis violated Section 1983 by unlawfully seizing his custodial interest protected by the Fourth Amendment;

(3) All Defendants except the MPD officers violated Section 1983 by depriving him of Fourteenth Amendment procedural due process through denying him notice and an opportunity to be heard;

(4) All Defendants violated Section 1983 by depriving him of Fourteenth Amendment substantive due process through arbitrary and conscience shocking action;

(5) The Eskridge and Brown Defendants, as well as John Doe MPD officers violated Section 1985(3) by conspiring to deprive him of his civil rights;

(6) Defendants Judge Townsend and John Doe MPD officers violated Section 1983 by failing to intervene and prevent violations of his constitutional rights;

(7) Defendant City of Memphis is liable under *Monell v. Dep't of Social Srvs.*, 436 U.S. 658 (1978) for maintaining customs, policies, and practices that led to the deprivation of his constitutional rights.

4

(8) Defendant Shelby County is liable under *Monell v. Dep't of Social Srvs.*, 436 U.S. 658 (1978) for maintaining customs, policies, and practices that led to the deprivation of his constitutional rights.

Doc. 19 at 3; Doc. 8 at 7–11.

## ANALYSIS

The Report and Recommendation provided the following proposed conclusions of law:

a) The Section 1983 claims against Defendant Judge Townsend, a state probate court judge, should be dismissed for failure to state a claim due to judicial immunity.

b) The Section 1983 claims against the Brown and Eskridge Defendants should be dismissed because they were not state actors.

c) The Section 1983 and *Monell* claims against Shelby County should be dismissed because Shelby County as a municipality does not have a role in the operation of Shelby County Probate Court, which is a court of the state.

d) The Section 1983 and *Monell* claims against MPD and John Doe officers are properly construed against the City of Memphis, but should be dismissed regardless because Plaintiff does not specify what municipal policies, practices, or customs are responsible for the alleged constitutional violations.

e) The Section 1985(3) claims should be dismissed because any deprivation of Plaintiff's rights occurred due to court order, not action of Defendants.

Doc. 19 at 5–8. The Report also recommended denying leave to proceed *in forma pauperis* on appeal because any appeal would be frivolous and therefore not taken in good faith. *Id.* at 9.

Plaintiff makes six objections to the Magistrate Judge's Report:

1. The Brown and Eskridge Defendants could be considered state actors because Plaintiff alleges that they were joint actors who coordinated with Judge Townsend to deprive Plaintiff of parental custody.

2. Judge Townsend was not immune from suit because he acted in complete absence of jurisdiction.

3. The *Monell* claim against Shelby County should not be dismissed because Plaintiff alleges Shelby County has administrative customs and policies that facilitate unconstitutional state court proceedings.

4. The *Monell* claim against the City of Memphis should not be dismissed because Plaintiff alleges the Memphis Defendants had a policy of allowing officer interference in custody disputes without court orders.

5. The Section 1985(3) claims should not be dismissed because the actions of the Eskridge and Brown Defendants were the proximate cause of the deprivation.

6. The Complaint should not be dismissed because Plaintiff was granted IFP status and therefore service needs to be issued by the Court before dismissal.

Doc. 20 at 1–5. Plaintiff's objections are all unsuccessful. The Court will address each in turn.

I. **The Brown and Eskridge Defendants were not state actors liable under Section 1983.**

Plaintiff's Complaint alleged that the Brown and Eskridge Defendants acted under color of state law by obtaining fraudulent guardianship through false allegations. Doc. 8 at 8. The Report recommended dismissal of this claim because Plaintiff did not plead facts by which the Eskridge or Brown Defendants could be considered state actors. Doc. 19 at 6. Plaintiff objected that the Report erroneously recommended dismissal on the basis of the private status of the parties and failed to consider whether the Eskridge Defendants were joint actors in a conspiracy with Judge Townsend under *Dennis v. Sparks*, 449 U.S. 24 (1980) and *Hooks v. Hooks*, 771 F.2d 935, 943 (6th Cir. 1985). Doc. 20 at 2.

"[M]erely resorting to the courts and being on the winning side of a lawsuit does not make a party a co–conspirator or a joint actor with the judge." *Dennis*, 449 U.S. at 28. "To prove [civil] conspiracy, plaintiffs must show (1) that there was a single plan, (2) that the alleged coconspirator shared in the general conspiratorial objective, and (3) that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant." *Rieves v. Town of Smyrna, Tennessee*, 67 F.4th 856, 862 (6th Cir. 2023) (quoting *Hooks*, 771 F.2d at 944) (citation modified). "To get past the pleading stage on a conspiracy claim, a complaint must assert 'specific allegations' that plausibly suggest each of these elements." *Blick v. Ann Arbor Pub. Sch. Dist.*, 105 F.4th 868,

6

887 (6th Cir. 2024). "[V]ague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'" *Marvaso v. Sanchez*, 971 F.3d 599, 606 (6th Cir. 2020) (quoting *Heyne v. Metro. Nash. Pub. Sch.*, 655 F.3d 556, 563 (6th Cir. 2011)).

Plaintiff has failed to plead a conspiracy existed between the Brown and Eskridge Defendants and Judge Townsend. To begin, the Section 1983 Count of Plaintiff's Complaint did not itself allege that Judge Townsend coordinated with these Defendants. Doc. 8 at 7–8. Moreover, Plaintiff's objection states only that these Defendants "allegedly coordinated with Judge Townsend to obtain a guardianship order through defective service, ex parte communications, and judicial proceedings that Plaintiff was prevented from meaningfully participating in." Doc. 20 at 2. Thus, Plaintiff fails to state a claim because the complaint does not contain specific allegations that plausibly showed the existence of a single plan or an agreement in conspiratorial objective. *Blick*, 105 F.4th at 887. Plaintiff provides only vague and conclusory allegations about Defendants that are insufficient to state a claim under Section 1983. *Marvaso*, 971 F.3d at 606; *see also Heyne*, 655 F.3d at 563 (affirming dismissal of complaint that alleged only legal conclusions). This objection is **OVERRULED.**

## II.    Judge Townsend did not act in the complete absence of all jurisdiction.

Plaintiff's Complaint alleged a Section 1983 claim against Judge Townsend because he entered orders without proper service and failed to intervene to prevent constitutional violations against Plaintiff when he had opportunity and the duty to do so. Doc. 8 at 8–10. Relatedly, Plaintiff seeks to declare void Judge Townsend's guardianship orders. *Id.* at 12. The Report recommended dismissal of these claims because Judge Townsend had judicial immunity. Doc. 19 at 5. Plaintiff objected that this claim should not be dismissed because he is alleging that Judge Townsend entered orders without subject-matter jurisdiction. Doc. 20 at 3.

Judicial immunity does not apply to "actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (citations omitted). "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "The question, then, is not whether judges overstep their authority; it is whether they do so clearly." *Norfleet v. Renner*, 924 F.3d 317, 319 (6th Cir. 2019).

Judge Townsend is entitled to immunity. Generally, probate courts in Tennessee have jurisdiction to appoint guardianships. *See* Tenn. Code Ann. § 34–2–101(a); *Hood v. Jenkins*, 432 S.W.3d 814, 825 (Tenn. 2013). And Plaintiff's objection appears not to be that Judge Townsend categorically lacked subject matter jurisdiction over guardianships, but rather, his action against Plaintiff was unlawful based on purported changes to the Tennessee Code. Doc. 20 at 3. Therefore, this is not a situation where Judge Townsend "clearly" overstepped his authority in a way that might pierce judicial immunity. *See Norfleet*, 924 F.3d at 319. This objection is **OVERRULED**.

**III.    Plaintiff has not sufficiently pleaded a *Monell* claim against the City of Memphis.**

Plaintiff's Complaint alleged a *Monell* claim against the City of Memphis because MPD had a policy or custom of officers interfering with custody disputes without court orders, deferring to parties with physical possession of children, and siding with grandparents over parents, as well as a failure to train officers on governing law for the same. Doc. 8 at 11. After properly construing the MPD claims as against the City of Memphis, the Report recommended dismissal because Plaintiff "only states as a conclusion that Memphis police officers prevented him from taking custody of his children and that they acted without legal authority," and did not "state with any specificity what policies, practices, or customs of the City of Memphis are responsible for the

8

deprivation of his constitutional rights." Doc. 19 at 7. Plaintiff objected that his claim should not be dismissed because he has alleged that:

> (1) Memphis police officers physically prevented him from exercising his parental rights without a court order authorizing them to do so; (2) officers deferred to physical possession over legal parental rights; and (3) the City maintains a policy of allowing officer interference in custody disputes without court orders.

Doc. 20 at 4.

A *Monell* claim requires demonstrating: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations. *Kovalchuk v. City of Decherd, Tennessee*, 95 F.4th 1035, 1038 (6th Cir. 2024) (quoting *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013)). "In order to show that a municipality is liable for a failure to train its employees, a plaintiff must establish that: 1) the City's training program was inadequate for the tasks that officers must perform; 2) the inadequacy was the result of the City's deliberate indifference; and 3) the inadequacy was closely related to or actually caused the injury." *Jackson v. City of Cleveland*, 925 F.3d 793, 834 (6th Cir. 2019) (quoting *Ciminillo v. Streicher*, 434 F.3d 461, 469 (6th Cir. 2006) (citation modified)). Proving a municipal "policy" therefore requires showing "deliberate indifference," *Shadrick v. Hopkins County*, 805 F.3d 724, 738–39 (6th Cir. 2015), which generally means "total inaction in the face of repeated, known, rights violations," *Mosier v. Evans*, 90 F.4th 541, 549 (6th Cir. 2024). Similarly, "[a] municipal 'custom' may be established by proof of the knowledge of policymaking officials and their acquiescence in the established practice." *Lipman v. Budish*, 974 F.3d 726, 748 (6th Cir. 2020) (quoting *Memphis, Tenn. Area Local, Am. Postal Workers Union, AFL-CIO v. City of Memphis*, 361 F.3d 898, 902 (6th Cir. 2004)). Proving a municipal custom requires a "clear and persistent" pattern of conduct

that had the municipality's "tacit approval." *D'Ambrosio v. Marino*, 747 F.3d 378, 386–87 (6th Cir. 2014).

The Court agrees that Plaintiff fails to state a *Monell* claim. Plaintiff appears to allege both a policy of inadequate training and a custom of tolerating violations, but fails to state either claim. *See Shadrick*, 805 F.3d at 738–39; *D'Ambrosio*, 747 F.3d at 386–87. Plaintiff has not shown a policy or custom because he has alleged no proof of other instances of this behavior by MPD beyond the conclusory allegations related to his own case. *See Thomas v. City of Chattanooga*, 398 F.3d 426, 434 (6th Cir. 2005). This objection is **OVERRULED**.

**IV.     Plaintiff has not sufficiently pleaded a *Monell* claim against Shelby County.**

Plaintiff's Complaint alleged a *Monell* claim against Shelby County because it had a policy or custom of inadequate oversight of probate proceedings and "jurisdictional gamesmanship" to deny access to courts, as well as a failure to train on service of process, parental rights/guardianship, and fraud. Doc. 8 at 11. The Report recommended dismissal of this claim because "Shelby County as a municipality does not train, oversee, or otherwise have any role in the operations" of the Shelby County Probate Court. Doc. 19 at 7. Plaintiff objected that his claim should not be dismissed because he has alleged that Shelby County maintains unconstitutional customs and policies that impact the state court. Doc. 20 at 3.

Plaintiff's *Monell* claim here fails largely on the same grounds as the previous claim against the City of Memphis. The Court agrees that Shelby County cannot be held liable for the conduct of an entity it does not train or control. Even if that were possible, Plaintiff has failed to allege the occurrence of other instances which demonstrate the pervasiveness required to establish liability under *Monell* as a policy or custom. *Shadrick*, 805 F.3d at 738–39; *D'Ambrosio*, 747 F.3d at 386–87; *Thomas*, 398 F.3d at 434. This objection is **OVERRULED**.

10

**V.      Plaintiff has not sufficiently pleaded a civil conspiracy under Section 1985(3).**

Plaintiff's Complaint alleged that the Eskridge and Brown Defendants conspired with MPD officers to deprive Plaintiff of his constitutional rights. Doc. 8 at 10. The Report recommended dismissal of this claim because the deprivation occurred due to court order not action by the Brown and Eskridge Defendants (or MPD). Doc. 19 at 8. Plaintiff objected that this claim should not be dismissed because Plaintiff was not required to allege direct causation, and "[i]f these allegations are true, the conspiracy was the proximate cause of Plaintiffs ongoing deprivation of parental rights." Doc. 20 at 4.

Nonetheless, Plaintiff has failed to plead a conspiracy existed between the Brown and Eskridge Defendants and MPD. Plaintiff's complaint reflects only that Defendants collectively "agreed upon and implemented a coordinated scheme" that was "motivated by desire to obtain financial benefits." Doc. 8 at 10. In other words, Plaintiff's Complaint treats Defendants collectively, and does not contain specific allegations that plausibly show that each Defendant agreed to a conspiracy's objectives and joined a single plan. *Blick*, 105 F.4th at 887. Plaintiff's vague and conclusory allegations are insufficient to state a claim under Section 1983. *Marvaso*, 971 F.3d at 606. This objection is **OVERRULED**.

**VI.      Dismissal can occur irrespective of granting pauper status.**

Plaintiff's last objection asserts that because he was granted pauper status, the Magistrate Judge should not recommend dismissal of his complaint before issuing service of process. Doc. 220 at 5. Contrary to Plaintiff's objection, when a case proceeds with a pauper plaintiff, "the court shall dismiss the case any time" if it determines that the action fails to state a claim on which relief may be granted. 28 U.S. Code § 1915(e)(2)(B)(ii). The Court is not required to issue service of

11

process before dismissing the complaint under the screening requirement of Section 1915. This objection is **OVERRULED**.

*    *    *

In sum, Plaintiff's Complaint is not sufficient to avoid dismissal under Section 1915(e)(2)(B)(ii). *See Small*, 963 F.3d at 540–41. Plaintiff's Complaint is **DISMISSED**. Accordingly, he has also not shown a likelihood of success on the merits that warrants a temporary restraining order. *See U.S. Sportsmen's All. Found.*, 167 F.4th at 818. The Motion for Temporary Restraining Order is **DENIED**.

**CONCLUSION**

Plaintiff's objections (Doc. 20) are all **OVERRULED**. The Court **ADOPTS** the Findings of Fact and Conclusions of Law from the Report and Recommendation (Doc. 19), as supplemented in this Order. Defendant's Complaint (Doc. 8) is **DISMISSED**, the Motion for Temporary Restraining Order (Doc. 7) is **DENIED**, and all other pending motions are **DENIED AS MOOT** and **TERMINATED**. The Clerk is **DIRECTED** to close this case.

Under Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.* In this case, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore **DENIED**.[3]

---

[3] If Plaintiff files a notice of appeal, he must pay the full $605.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.

12

**IT IS SO ORDERED**, this 5th day of May, 2026.

         s/ *Brian C. Lea*

BRIAN C. LEA
UNITED STATES DISTRICT JUDGE